## MINNICK v. UNION INS. Co.

**(Circuit Court, W. D. Michigan, S. D. November 26, 1889.)**

**1. REMOVAL OF CAUSES—LOCAL PREJUDICE—REPEAL OF STATUTE.**

Rev. St. U. S. § 639, subd. 3, providing for the removal of suits between citizens of different states from state to federal courts, on the filing of an affidavit in the state court stating that affiant "has reason to believe, and does believe, that, from prejudice or local influence, he will not be able to obtain justice in such state court," is repealed by the removal act of March 3, 1887, which repeals all conflicting laws, and section 2 of which provides for a removal of such causes into the federal circuit court by defendant, "when it shall be made to appear to said circuit court that, from prejudice or local influence, he will not be able to obtain justice in such state court," etc.

**2. SAME.**

An affidavit, filed in the federal circuit court, stating that affiant "has reason to believe, and does believe," that defendant will not be able to obtain justice in the state court, is not sufficient evidence of that fact to warrant a removal under the later statute.[1]

At Law. On motion to remand to state court.

Rev. St. U. S. § 639, subd. 3, provides for the removal of suits between citizens of different states from state to federal courts, on the filing of an affidavit in the state court stating that affiant "has reason to believe, and does believe, that, from prejudice or local influence, he will not be able to obtain justice in such state court." Act March 3, 1887, § 2, cl. 4, provides for a removal of such causes into the federal circuit court, by defendant, "when it shall be made to appear to said circuit court that from prejudice or local influence he will not be able to obtain justice in such state court," etc.

*Chaddock & Sullivan,* for plaintiff.

*Norris & Norris,* for defendant.

SEVERENS, J. This is an action at law, heretofore pending in the circuit court of the state for the county of Muskegon; being a consolidation of two causes in that court, in which suits were brought upon two policies of insurance. An application was made to this court by the defendant, after issue joined, but before trial, for an order of removal from the state court into this court, upon the ground of prejudice and local influence. The petition of the defendant and supporting affidavit set forth the pendency of the suit, and the affidavit, which was made by a special agent of the company, alleged that the affiant had good reason to believe, and did believe, that, from prejudice and local influence, the defendant would not be able to obtain justice in the state courts. It was not shown by the petition or affidavit what sum was in controversy, but it appears from the transcript filed in this court that it was about $500. The order for removal was made by me,[2] upon the supposed authority of *Whelan* v. *Railroad Co.,* 35 Fed. Rep. 849. A motion to remand to

[1] For a discussion of how prejudice or local influence may be "made to appear" under the removal act of 1887, see Malone v. Railroad Co., 35 Fed. Rep. 625, and note; Southworth v. Reid, 36 Fed. Rep. 451; Huskins v. Railway Co., 37 Fed. Rep. 504; Dennison v. Brown, 38 Fed. Rep. 535; Amy v. Manning, Id. 536, 868; Goldworthy v. Railway Co., Id. 769; Hakes v. Burns, 40 Fed. Rep. 33.

[2] Not reported.

v.40F.no.8—24

the state court is now made by the attorneys for the plaintiff, upon several grounds,—the most important of which are—*First*, that there was no sufficient evidence exhibited to the court to make it appear that from prejudice and local influence the defendant could not obtain justice in the state court; and, *second*, that it was not shown that a sufficient amount was involved to entitle the defendant to a removal. It is also further urged that a removal is not authorized to be made upon an *ex parte* application, heard without notice, nor upon the bare general allegation of the party, or his agent, that such prejudice or local influence exists as to prevent the obtaining of justice. But I am concluded, in respect to these last grounds, by the express decision of the circuit judge of this circuit, and the district judge, who concurred with him, in the case of *Whelan* v. *Railroad Co.*, above referred to.

Upon the occasion of the making of the order for removal, a somewhat cursory reference was made by me to the opinion of Judge JACKSON in the *Whelan Case*, and I observed that he expressed his concurrence in the opinion of Judge DEADY, in *Fisk* v. *Henarie*, 32 Fed. Rep. 417–421, that the clause following subdivision 3, § 639, Rev. St., providing for the method of removal of causes on account of prejudice, etc., was not repealed by the provisions of section 2 of the Act of March 3, 1887, which relates to removals for that cause; and I also observed that in his analysis of the differing particulars in the old and the new law Judge JACKSON noted, at page 854, 35 Fed. Rep., that in the new law no jurisdictional amount was specified as a condition of removal. Judge DEADY held, in substance, in *Fisk* v. *Henarie*, that the clause of the old law providing the method of removal was not repealed, and, being left operative by the new law, supplied the mode of removing cases when the right of removal was given by the clause of section 2 in the later act, relating to this class of cases; and the circuit judge, in the *Whelan Case*, referring to that decision, expresses his concurrence. If I felt sure that Judge JACKSON founded his decision in that case upon that ground, it would be my duty to hold accordingly now; but an examination of that case shows that the removal was sustainable, and was sustained, upon another ground. The defendant had made and filed in the state court its application in the manner prescribed by the old law in cases of prejudice and local influence; the affidavit being that the petitioner "had reason to believe, and did believe," that on account thereof the defendant could not obtain justice, etc. And it was in reference to that application that Judge JACKSON alludes to Judge DEADY's opinion. But it further appears that the defendant also made a distinct application for an order of removal, addressed to the federal court, in the *Whelan Case*, supported by an affidavit stating in direct terms that such prejudice, etc., existed; and I am satisfied that Judge JACKSON intended to put the stress of his holding upon that ground, and that to that extent only is the decision conclusive.

It is extremely difficult for me to think that the provisions for removal in this class of cases contained in the clause following subdivision 3, § 639, Rev. St., are not repealed by the provisions in section 2 of the

new act, under the operation of the repeal of conflicting laws contained in section 6 of that act. It seems impossible for the old law in reference to procedure to stand, with the express provisions of the new As pointed out by Judge JACKSON at page 854, 35 Fed. Rep., in his comparison of the differences, the old law required that the application should be "addressed to the state court. Under the new act, it must be applied for to the circuit court, which acts upon the application." Under the old law, upon the filing of the proper petition and bond in the state court, jurisdiction in that court ceased, and was transferred to the circuit court, *ipso facto.* The circuit court was passive, and got jurisdiction by the case being brought into it. Under the new law, the circuit court itself receives and entertains the application, and acquires jurisdiction by its own machinery. It appears to me that these two methods are inconsistent and conflicting; and I cannot help thinking the old law is repealed.

If, then, the old provision for the method of removal is repealed, how is it to be "made to appear" to the circuit court that the case is one proper for removal? So far as known to me, it has never been held that, except by the warrant of the provision in the clause in the former statute, above referred to, an allegation of the fact of prejudice, etc., like the one in this affidavit, would be sufficient. By all analogies, it seems necessary to require that the fact should be made to appear by evidence which is by legal rule regarded as competent. By this test, it appears to me that it is not properly shown by the allegation that a party has good reason to believe, and does believe, that the fact is so. Such a statement is not competent evidence. True, congress may accept the sworn faith of the party as sufficient ground for removal, by an express declaration to that effect, as was done in the former law. But, without such declaration, it appears to me that the fact must be shown by legal evidence, and that if, as the circuit judge holds, it may be shown by a direct and positive averment of its existence, it is the least that could be regarded as sufficient. If the allegation is not controvertible, it makes it all the more necessary to attend to the argument from inconvenience in allowing such great facility in bringing cases into the federal courts under this clause of the statute. This argument from inconvenience could not prevail against plain language; but, when the statute is open to construction, it is of considerable weight. Broom, Leg. Max. 184. Thus, a more careful and mature consideration of the subject leads me to think, contrary to what seemed necessary when the order of removal was made, that the existence of prejudice and local influence was not made to appear by evidence competent to prove the fact, and that, therefore, the case should be remanded.

It is not necessary to pass upon the question whether the amount involved is sufficient to warrant a removal. That is one of the many unsettled points arising on this jurisdictional act which have given the judges so great a burden of difficulty and doubt. Let an order be entered remanding the case to the circuit court for the county of Muskegon. There will be no costs on the motion.